IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-00111-CR-W-HFS |
| | ) | |
| EMMANUEL ROBINSON | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

After review of the record and the briefing of the parties , it is clear that the report and recommendation of Judge Hays (Doc. 65) is sound and should be adopted.

Defendant Robinson was frisked for a weapon after Detectives Kellgren and Hooley saw what they perceived to be an aggressive and noisy assault on Davionne Harvey, with defendant reaching for a hidden firearm in his waist-band, and threatening a battle with Harvey. Accepting defendant's version, endorsed by Harvey, that this was actually a form of "horse-play," unquestionably there was an appearance of danger, however, that fully justified the officers in obtaining possession of the weapon. There is nothing to require a finding that the Detective heard an "explanation" of the event in the few seconds between the assault and the

seizure of the weapon, or that anyone was obligated to accept such an explanation, rather than to obtain the gun as a matter of precaution.

It is far more likely that Harvey tried to get defendant out of trouble after things had calmed down, at which time the fact that defendant had a firearm in his possession was well established.[*]

The two cases that defendant's new counsel emphasizes are not helpful to him. A motion to suppress was rejected in United States v. Banks, 553 F.3d 1101 (8th Cir. 2009) where a pistol was found in a pants pocket of a defendant who had simply been stopped for an ordinance violation, riding a bicycle at night without a headlight. The appellate ruling accepted the district court's view that the officers had a "reasonable, articulable fear that (defendant) was armed and dangerous." A protective frisk was lawful when defendant was simply evasive in responding to a question about having anything "that would hurt the officer." The conduct here was obviously much more threatening unless the detectives were compelled to realize that defendant and Harvey were simply being playful.

In United States v. Ellis, 501 F.3d 958 (8th Cir. 2007), also currently relied on by defendant, a motion to suppress was rejected when defendant was simply nervous and made an attempt to leave the residence. The appellate ruling stated that an officer "can be shot from outside a house as well as from inside it." Id. at

---

[*] Harvey's denial that Robinson reached for his waistband need not be accepted over the unimpeached testimony of the officers, particularly since he walked away and was unlikely to see Robinson's actions.

962. This was in response to argument that a person seeking to avoid the police cannot be considered a risk. While it might be rare for a person being evasive to turn around and open fire on the police, the case illustrates the point that even a slight discomfort at an apparent crime scene regarding the safety of an environment is sufficient to allow the police to disarm a member of the public, or to frisk for a weapon.

For reasons stated in the Report and Recommendation and here, the motion to suppress (Doc. 29) is DENIED.

/s/ Howard F. Sachs
**HOWARD F. SACHS**
UNITED STATES DISTRICT JUDGE

December 8, 2017
Kansas City, Missouri